UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, *et al.*,<br><br>Defendants. | Case No.  2:22-cv-01100-DAD-JDP (PS)<br><br><br>ORDER |

Plaintiff Robert Rojas is a former inmate who alleges that he is being denied access to his prison medical records by defendants California Correctional Health Care Services and California Medical Board. Plaintiff claims that this denial violates his due process rights. His complaint, however, fails to state a claim. I will give plaintiff a chance to amend his complaint before recommending dismissal. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

1

662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants have denied him access to his prison medical records in violation of the Fourteenth Amendment's due process clause. ECF No. 1 at 3-4. He states that he needs his medical records to pursue Social Security benefits and to file lawsuits related to his medical care in prison. *Id.* at 3. Plaintiff states that since he is no longer in custody, there is no effective procedure for him to obtain his records; he states that defendants have failed to respond to his requests for his records. *Id.* at 3-4.

Plaintiff does not have a constitutional right to access his medical records. *Collins v. Kessler*, No. C 02-1811 WHA(PR), 2002 WL 1940303, at *1 (N.D. Cal. Aug. 15, 2002) ("There is no constitutional right for a patient to see his or her own medical records.") (citing *Gotkin v. Miller*, 514 F.2d 125, 128 (2d Cir. 1975)). Even if plaintiff were still in custody, he would not have a constitutional right to his records.[1] *Veenstra v. Idaho State Bd. of Correction*, No. 1:15-

---

[1] State prisoners may review all non-confidential material in their medical and central files pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of

CV-00270-EJL, 2017 WL 4820353, at *6 (D. Idaho Oct. 24, 2017), *aff'd*, 785 F. App'x 390 (9th Cir. 2019) (holding that prisoner-plaintiff's have no constitutional right to access their medical records).

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated: April 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

materials in them must be made directly to prison officials.